## SUPREME COURT.

AVERILL agt. TAYLOR and VERNON surviving Executors.

No part of an answer ought to be struck out which can in any event become material.

*It seems,* that in a suit brought to have a bond and mortgage delivered up and canceled, the defendant may ask for and, if successful, may have the positive relief of a foreclosure, and in such case may in his answer require that all persons interested shall be made parties.

The prayers of the defendant in his answer can not prejudice the plaintiff and will not be struck out on motion. (*See Williams agt. Hayes, ante page* 470.)

*It seems* that foreign executors may foreclose a mortgage in this state without aking out letters testamentary here.

*Saratoga Special Term, December* 1850. This was a motion to strike out certain parts of the defendants' answer for irrelevancy, impertinence and immateriality, and was made on the complaint and answer, and on a short affidavit stating the time of serving the same. The suit was brought for an injunction to restrain the defendants from proceeding with a statute foreclosure of a certain bond and mortgage, conditioned for the payment of a sum of money; and to have the bond and mortgage delivered up and cancelled. The complaint stated, in substance, that Jesse Averill, the plaintiff, executed the bond and mortgage to Marvin Averill, his brother, under an agreement that, if Jesse should support their parents during the natural life of each, then he should not be obliged to pay said bond and mortgage; that Jesse had fulfilled said agreement, and that several years afterwards Marvin had expressed himself satisfied with such fulfillment, and had promised to cancel the bond and mortgage; that as the plaintiff was informed, Marvin had died without canceling the bond and mortgage, but had, by his will, bequeathed or released the same to Jesse; that the defendants had never taken out letters testamentary in this state,

Averill agt. Taylor and Vernon.

but that they pretended to be the executors of Marvin, appointed by the aforesaid will, and were foreclosing the mortgage by advertisement.

The answer denied the alleged agreement; the fulfilment of the same by Jesse, and the subsequent promises of Marvin; set forth the will containing the alleged bequest or release; alleged that Marvin was insolvent at the time of his death, and that the defendants were his surviving executors; admitted that they had not taken out letters testamentary in this state, and that they were foreclosing by statute; alleged also that prior to the commencement of the suit, Jesse had sold and conveyed a part of the mortgaged premises to A. E. Smith, who was still in possession thereof; and prayed that Smith might be made a party to the suit, and that the defendants might have a decree of foreclosure against the plaintiff and said Smith, when made a party.

J. W. & L. E. Thompson, *for Plaintiffs.*

Learned & Wilson, *for Defendants.*

Cady, Justice.—The insolvency of the testator at the time of his death may be a material question in the cause, if the plaintiff shall rely at all on the bequest in the will, in his favor; for debts are to be paid before legacies (2 *R. S.* 90, § 44 and 45; Lupton, vs. Lupton, 2 *John. Ch. Rep.* 614). That part of the answer, therefore, ought not to be struck out, if it can in any event become material.

The next part of the answer relates to the fact that the plaintiff and his wife have conveyed a part of the premises to A. E. Smith, and the necessity of his being made a party. If it were certain that the plaintiff is entitled to have the bond and mortgage given up and cancelled, and that the defendants could not have in this suit a decree of foreclosure and for a sale of the mortgaged premises, there would be no necessity for making A. E. Smith a party; but if, upon this bill, the defendant can have a decree of foreclosure and to sell the mortgaged premises, then A. E. Smith is a necessary party. I am not prepared to say whether such decree can or can not be made in a case like this; but I do not perceive any good reason against it.

The remaining matter which the plaintiff moves to have struck out consists of the defendants' prayer. It is not possible that the plaintiff should be prejudiced by the defendants' prayers. They do not require a reply; no issue can be taken on them; they are addressed to the court, and will not be granted unless, upon the hearing the facts and law of the case, the party be entitled to the relief prayed for.

The objection that the defendants have no right to advertise to sell the mortgaged premises by virtue of the power contained in the mortgage before having taken out letters testamentary in this state, seems to be answered by the case of Doolittle vs. Secors (7 *John. Ch. Rep*, 45). It may, however, be that Chancellor Kent's opinion in that case rests, in part, upon the fact that the mortgagor suffered the sale to be made, without objection, and bona fide purchasers became interested, and that they ought to be protected. That circumstance does not exist in this case; but why should the mortgagor be allowed to object to the execution of a power which he gave? There is no suggestion in the complaint that there are any creditors of the testator in this state, who may be prejudiced by permitting the defendants to proceed with the sale. I am, therefore, of opinion that the motion be denied with ten dollars costs, to be paid by the plaintiff to the defendants or their attorneys.