### .SUPREME COURT.

#### SEWARD agt. MILLER AND MILLER.

An answer denying *in terms*, specifically, each material allegation of the com-
plaint, without particularizing the allegations, is in effect a general denial,
and is therefore insufficient.

It *is not*, however, sham or irrelevant, and can not be stricken out on motion.

Where a motion is made to strike out an answer as sham and irrelevant (*Code*
1851, § 152), and it is neither, but insufficient on other grounds, the defendant
will be allowed to demur, although the time for serving a demurrer may
have expired.

*Westchester Special Term, February* 1852. This is an action
against the maker and endorser of a promissory note. The com-
plaint is in the usual form. The answer professes to deny spe-
cifically each and every material allegation of the complaint, but
does not particularize any allegation. The plaintiff moves to
strike it out as a sham and irrelevant answer, or defence, under
the 152d section of the Code of 1851.

S. B. STRONG, Justice.—By the 149th section of that Code an
answer must contain a *specific* denial of *each* material allegation
of the complaint controverted by the defendant. It has been con-
tended in behalf of the defendant in this case, that a denial in the
words of the statute is sufficient. It might have been so under
the corresponding section of the Code of 1849, where the word
" general" was used to qualify the denial. It was so difficult, how-
ever, to ascertain what was meant by the terms *general* denial of
*each* allegation, that the decisions upon that provision of the Code,
while it was in operation, were by no means uniform. It was, pro-
bably, with a view to settle the difficulty resulting from the phrase-
ology of this part of the Code of 1849, and in a manner correspond-
ing with the original design of its framers, that the word general
was omitted in the existing Code. The denial must now be specific
of each controverted allegation. It can not be specific without
mentioning by some particular mark of distinction the allegation
which it is designed to controvert. Specification, according to
Walker, consists in " distinct notation, determination by a par-
ticular mark of distinction, particular mention." In this case there

Seward agt. Miller.

is neither. It is important in every case that the defendant should specify which of the allegations he deems material and intends to controvert, in order that the plaintiff may clearly know what is denied, and what it may be necessary for him to prove. It is peculiarly so, for many reasons, where the defendant is required to swear to his answer. The denial in this case, although verbally specific, is in effect general, and therefore the answer is not warranted by the Code.

But although the pleading interposed by the defendant in this cause was not warranted by the existing Code, and may, therefore be deemed insufficient, it does not necessarily follow that it is a sham or irrelevant answer. The 152d section, while authorizing the court to strike out sham and irrelevant answers, contains no definition of either of those characteristic terms, nor is there any in the other multitudinous provisions of the Code. They mean now precisely what they did before, and no more.

The word " sham," as defined by lexicographers, means " false, counterfeit, or pretended." It has received the same interpretation when applied to pleadings (1 *Chitty on Pl.* 574; and 2 *Bouvier* 375). These authorities are cited with approbation, and the definition adopted by my lamented friend, the late Judge Sill, in his able opinion in Darrow agt. Miller (5 *How. Pr. R.* 247). According to those authorities, a sham pleading is one known by the party to be false, and put in for the purpose of delay, or other unworthy object. Judge Sill was inclined to extend the term to such pleadings as may be true in point of fact, but are so impertinent or so *grossly frivolous* that the court can not but see that the object is to *delay* or *perplex* the plaintiff, instead of presenting a defence. It is not material in this case to consider whether the pleading thus characterized by that learned judge would not be rather frivolous than sham, between which , and the appropriate remedies for each, the Code makes a distinction (§ 152, 247). There is nothing in this case to show that the answer is false, or that the defendants' object in interposing it was to delay or perplex the plaintiff.

A pleading is irrelevant which has no substantial relation to the controversy between the parties to the suit. The word irrelevant is comparatively of modern introduction in England.

Seward agt. Miller.

It is used in parliamentary debate in that country to signify "unassisting, unrelieving," which are in accordance with the etymology of the word. But in Scotland, according to Mr. Elphinstone, it has been for a considerable period a jurisprudential word, and is there used in the same sense as the more appropriate word irrelative. It has, I believe, uniformly received the same interpretation in the courts in this country, where it has been very generally used. Now, a general denial by one party of a material allegation of his opponent, can not be considered as irrelative to their controversy, although it may be informal, or even unavailable by reason of some statutory restriction.

Neither do I think that the answer in question is frivolous. The rule before the adoption of the Code was that a pleading was not frivolous unless the defect was radical and so palpable that no serious argument could be advanced in its support. I am aware that there has been decisions, since the adoption of the Code, that pleadings are frivolous where there is a departure from any requisite which it may prescribe, even in particulars where the construction of the terms may be difficult. But I prefer, and until I may be authoritatively overruled, shall adhere to the old rule. In cases where there can be no reasonable doubt of the invalidity of a pleading in either of the attributes mentioned in the 152d and 247th sections, there should be no hesitation in awarding to the opposite party the summary redress for which they provide. But in all cases of doubt, or where the insufficiency is from any other cause, the party objecting to it should resort to a demurrer, when the point may be more deliberately considered and satisfactorily settled.

The motion to strike out the answer is denied; but as that pleading is defective, I shall not give the defendant costs; and I shall allow the plaintiff to demur, should he be so advised, in ten days.