## CLOUGH *a.* MURRAY.

*New York Superior Court; General Term, November,* 1862.

PLEADING.—ANSWERS.

Although the Code does not expressly require the defendant, in his answer, to state the relief he demands, he must set forth whether he interposes a mere defence or a counter-claim.

An answer, setting up as a defence a failure of consideration, must state whether it is a partial or total failure.

Appeal from an order.

*A. M. C. Pennington,* for defendants, appellants.

*G. W. Cotterell,* for plaintiff, respondent.

By THE COURT.*—ROBERTSON, J.—The order appealed from, in this case, directs all of what purports to be an answer in this case, after the first defence, to be stricken out. The order does not furnish the ground of the decision. It must, therefore, be assumed to be for its being sham or irrelevant. (Briggs *v.* Bergen, 22 *N. Y.*, 163.) Where the whole is stricken out, it must be on the ground of its entire failure as a defence. (Stark *v.* Colton, 2 *E. D. Smith*, 398.) It is true, separate motions may be made to strike out matter as irrelevant or redundant, or to make the allegations of a pleading more definite and certain, when the precise nature of the charge or defence is not apparent. Redundancy is held to be a needless repetition of material averments (Bowman *v.* Sheldon, 5 *Sandf,* 660); and irrelevancy is where matter is inserted in a pleading having no bearing on the subsequent matter of the controversy, and not affecting the decision of the court. (Fabricotti *v.* Launitz, 1 *Code R.* (*N. S.*), 121 ; Seward *v.* Miller, 6 *How. Pr.*, 313.) It has also been held, that matter which is neither a counterclaim nor defence may be stricken out as irrelevant. (Kurtz

* Present—ROBERTSON, WHITE, and MONELL, JJ.

*v.* McGuire, 5 *Duer*, 660.) The answer in question may not, within such definitions, strictly have redundant allegations, or be entirely irrelevant; yet it does not show whether the matter set up in it is alleged as a counter-claim for moneys due him, or a defence of failure of consideration. Defences and counter-claims are carefully separated in the Code. For the excess of a set-off beyond the plaintiff's claim judgment may be rendered (§ 263), and the court may grant to a defendant any affirmative relief to which he may be entitled. (*Code*, § 274, subd. 2.) An answer must contain a statement of new matter *constituting a defence or counter-claim in ordinary and concise* language, without repetition. (*Code*, § 149, subd. 2.) The defendant may also set forth in his answer as many defences and counter-claims as he may have. (§ 150.) They must, however, be separately stated *in such a manner that they may be intelligibly distinguished*, and the answer may be demurred to if it con-tain matter which is neither a counter-claim nor a defence. (§ 153.) If the plaintiff fail to demur to a counter-claim, the defendant may move for judgment. (§ 154.) It is true, the Code does not expressly require the defendant to set forth the relief he demands, as it does the plaintiff (§ 3); yet I think the spirit of the foregoing sections requires him to set forth whether his defence is a counter-claim, requiring a reply, or a mere defence, and that he should do so by either setting up such matter as a counter-claim, or praying permission to set it off. (Bridge *v.* Paysen, 5 *Sandf.*, 210. See, also, Wright *v.* Delafield and others, in Court of Appeals, June Term, 1862.) Besides this, a defendant should set forth, whether his defence, if of a failure of consideration, is for a partial or total one. (Bush *v.* Prosser, 1 *Kern.*, 352; McKyring *v.* Bull, 16 *N. Y.*, 257), as it does not amount to a counter-claim. (Gleason *v.* Moen, 2 *Duer*, 640; Barn *v.* Baker, 9 *Mo. R.*, 840.) If it did, the plaintiff might be entitled to apply for judgment for the difference. (*Code*, § 246, subd. 2.)

[After reviewing the allegations of the answer in question, which was very voluminous and peculiar, the opinion concluded as follows:]

It is evidently impossible to separate the relevant from the

irrelevant matter in this answer. For these reasons, as well as those given by me on the opinion delivered at special term, the order appealed from must be affirmed, with costs, and the defendant have leave to amend his answer in twenty days, or filing an affidavit of merits and paying such costs in five days. Upon the merits of the defence in such answer, if any, we do not undertake to pass.