Kern *et al. v.* Isgrigg.

Filed May 20, 1892.

---

No. 15,829.

## KERN ET AL. *v.* ISGRIGG.

INJUNCTION.—*Establishment of Highway.—Disobedience of Mandate.—Contempt of Court.*—Where the board of county commissioners appointed viewers and laid out and established a highway on a section line in a certain township, and the supervisors of certain road districts in said township were mandated to open up said highway on said section line, but disregarding said mandate, they proceeded to open up said highway on a different line, and for that purpose were endeavoring to wrongfully take possession of a portion of the appellee's real estate, and to permanently deprive him of the same, the latter may enjoin them from so doing. The fact that the defendants were liable to punishment for con-

tempt in disobeying the mandate of the court would not prevent the appellee from proceeding against them by way of injunction.

From the Clinton Circuit Court.

*W. R. Moore* and *J. Claybaugh,* for appellants.

*W. A. Staley* and *J. V. Kent,* for appellee.

OLDS, J.—This action was brought by the appellee, **David E. Isgrigg,** and one Luther Moon, on complaint for perpetual injunction against appellants, William Kern and Noah McKinsey, as supervisors of certain road districts in Jackson township, Clinton county, Ind.

The board of commissioners of said county appointed viewers and laid out and established a certain highway on a section line in said Jackson township; that David E. Isgrigg and others brought proceedings in mandate against the appellants to compel them to open up said highway as established by said board, and in said mandate proceedings said appellants were ordered to open up said highway on said section line as established by said board of commissioners.

The complaint in this action alleges the facts aforesaid—the establishing of the highway, and the order for the appellants to open the same in said proceedings in mandate ; that said appellants were duly notified to open the same and a certified copy of the order and decree in the proceedings in mandate delivered to them, and that said appellants, as such supervisors, are opening up said highway not upon the section line as established by the board and ordered and directed by the decree of the Clinton Circuit Court in said mandate proceedings, but are opening said proposed high-way on a different line, and on a route entirely different, and are working, laying out, removing the fences, are threatening to place the bridges and culverts and complete said road some thirty feet east of the said section line, running through and unlawfully appropriating for and to the public use for said highway the entire width of said road a strip of ground some thirty feet wide off the west side of the lands of the

plaintiffs, and compelling the plaintiffs to furnish all of the ground for said road, when the same, as ordered to be opened, is a part to be on the lands of the adjacent landowners, to the great and irreparable damage of the plaintiffs. Prayer for a temporary and perpetual injunction. There was a trial, resulting in a finding against defendant Moon and in favor of the appellee, Isgrigg.

The appellants demurred to the complaint, also to the evidence, which demurrers were overruled, and such rulings are assigned as error.

It is urged by the counsel for the appellants that injunction will not lie for the reason that the facts pleaded show that appellants were violating the decree and order of the court in the mandate proceedings, and that the appellee had an adequate remedy at law, in that he might, upon proper application, have had appellants punished for contempt of court in violating the order and decree of court in the mandate proceedings. We are not cited to any authority in support of this position, except the sections of the statute authorizing the punishment of parties for contempt in disobeying an order of injunction. We do not think this precludes the party from instituting injunction proceedings and having the persons enjoined from wrongfully entering upon and opening up a highway across his land.

In *Kyle* v. *Board, etc.,* 94 Ind. 115, it is held that in a proper case wrongful entry on land to make a public way or bridge may be prevented by injunction. In that case it is said : " It is true that an injunction will not be granted to restrain the commission of a simple trespass, but it is also true that an injunction will lie where the entry on land is under a claim of right which might, by lapse of time, grow into a title. In this case, if the appellant had tacitly assented to the building of the bridge on the line of the abandoned highway, and a considerable period of time had elapsed without objection on his part, a dedication might have been presumed against him, and to prevent such a result he had a right to

an injunction against the unauthorized use of his land for the purpose of a highway. A land-owner has a right to invoke the strong arm of the courts to prevent a permanent wrongful occupancy or appropriation of his land."

In *Clark* v. *Jeffersonville, etc., R. R. Co.,* 44 Ind. 248, it is held that an injunction will lie if the remedy at law is not as practical and efficient to the needs of justice and its prompt administration as the remedy in equity.

In *Central Union Tel. Co.* v. *State, ex rel.,* 110 Ind. 203, it is held that the disturbance of the possession of real estate may be prohibited by injunction. As appears by the averments in the complaint in this case, the appellants were not carrying out the order of the board of commissioners, or the order of the court in the mandate proceedings, but were endeavoring to wrongfully take possession of the appellee's real estate and turn it into a public highway ; not merely to commit a trespass, but to permanently deprive the appellee of the land; and he had a right to have his possession and ownership protected by injunction.

The complaint was sufficient, and the court did not err in overruling a demurrer to it.

We have also examined the evidence. There is some evidence to support the finding.

There is no error in the record.

Judgment affirmed, with costs.

Filed May 20, 1892.