TAGUE ET AL. *v.* BOARD OF COMMISSIONERS OF SULLIVAN COUNTY, INDIANA

[No. 16,234.   Filed April 17, 1940.]

*Ernest E. Cummings,* for appellants.

*J. Hurley Drake,* for appellee.

LAYMON, J.—This is an action to enjoin appellants from entering upon and from interfering with the operation of appellee's lands.

Appellants appeared and sought to abate the action upon the theory that another action involving the identical cause of action was pending between the same parties. Appellees demurred to this plea for want of facts, and the court sustained the demurrer. The cause proceeded to trial upon the issues formed by the complaint and an answer in general denial. The court found the facts specially and stated its conclusions of law thereon and entered judgment enjoining appellants from interfering with the appellee in the operation of and from entering upon the lands in controversy. Appellants have appealed from this judgment and by proper assignment question the sufficiency of the facts found to sustain the conclusions of law and the action of the trial court in sustaining the demurrer to the plea in abatement.

Appellants, in their plea in abatement, alleged that another action was pending; but it does not sufficiently appear by averments that the cause of action referred to was the same cause of action in the present suit and between the same parties. It must follow that the plea was in-

sufficient for want of facts, and there was no error in sustaining the demurrer.

It is contended further by appellants that the court failed to find as a fact that appellee would suffer injury or irreparable damage and therefore it was error to grant appellee injunctive relief. It is not necessary to aver or prove, and consequently for the court to find, that the plaintiff will suffer irreparable injury if the relief by injunction not be granted. All that is necessary is to aver and prove that plaintiff will suffer great injury. *Biggs* v. *Bank of Marshfield* (1929), 90 Ind. App. 467, 169 N. E. 71.

In determining the sufficiency of the facts to support the conclusions of law, this and our Supreme Court have recognized the rule that where the primary facts found lead to only one conclusion, or where the primary facts found are of such a character that they necessitate the inference of an ultimate fact, such ultimate fact will be treated as found by the trial court and sufficient on appeal. In such instances the facts are sufficiently found, though there may be a technical defect of statement in the finding. *Harris* v. *Riggs* (1916), 63 Ind. App. 201, 112 N. E. 36, and cases therein cited.

A consideration of the primary facts as found by the court in their entirety leads to the conclusion that appellee would suffer great injury if injunctive relief were denied.

It has frequently been decided that the disturbance of the rightful possession of real estate may be prohibited by injunction. *Clark* v. *Jeffersonville, etc., R.R. Co.* (1873), 44 Ind. 248; *Central Union Tel. Co.* v. *State, ex rel.* (1886), 110 Ind. 203, 10 N. E. 922, 12 N. E. 136; *Kern* v. *Isgrigg* (1891), 132 Ind. 4, 31 N. E. 455; *Xenia Real Estate*

*Co.* v. *Macy* (1897), 147 Ind. 568, 47 N. E. 147; *Kinsley* v. *Kinsley* (1898), 150 Ind. 67, 49 N. E. 819; *Brenner* v. *Heiler* (1910), 46 Ind. App. 335, 91 N. E. 744; *Biggs* v. *Bank of Marshfield,* supra.

Judgment affirmed.