Filed April 12, 1890.

---

No. 13,835.

WHITCOMB, GUARDIAN, ET AL. *v.* SMITH ET AL.

SPECIAL FINDING.—*Partition.*—*Advancement.*—*Gift.*—In a suit for partition between heirs the finding stated that the deceased made advancements to certain of his children, and that no other advancements were made to either the children or the grandchildren of the deceased; but stated also, after the facts so found, that the advancements were made with the avowed purpose of making the children to whom the advancements were made as nearly equal as he was able to his two other children, and that the deceased then said he was not able to give them an amount equal to the advancements he had made to his other two children.

*Held,* disregarding the matter of evidence improperly in the finding, or taking the finding as a whole without eliminating the evidence, that the finding was sufficient to support a conclusion of law that the money paid by the ancestor to his children was by way of advancement and not as a gift, and charging them therewith.

SAME.—*Evidence Intermingled with Facts.*—*Elimination of.*—*Conclusion of Law.*
—The finding of the evidence, although it be all the evidence, will not
support a conclusion of law. The fact that the court has intermingled
with the finding of facts statements or items of evidence will not vitiate
the finding, if sufficient facts be found to support the conclusion of
law; but if by eliminating from the finding the items of evidence, there
be sufficient facts found to support the conclusions of law, and the
proper conclusion of law is stated from the facts found, there is no
error in the conclusion of law, and the case will not be reversed.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener,* for appellants.

*B. F. Love, A. Major* and *H. C. Morrison,* for appellees.

OLDS, J.—This was a suit between the heirs at law of James
Smith, deceased, for partition between them of the lands of
which he died the owner. Other persons were made parties
for the purpose of settling the title to a small portion—four-
teen acres—of said land. The appellees William H. Smith
and Claudius Smith were made defendants, and filed a cross-
complaint, alleging that William H. Smith is a grandson of
said James Smith, deceased, he being the only child and heir
at law of William Smith, who was a son of said James Smith,
deceased, and that said William died before the death of said
James; that Claudius Smith is the child and only heir of
Benjamin Smith, son of said deceased, and who died before
the death of James; that said James Smith died intestate,
the owner of the real estate described in the complaint; that
said James Smith in his lifetime made certain advancements
to his other children and grandchildren, but made no ad-
vancements to either William H. or Claudius, or the father
of either of them.

Issues were joined on the complaint and cross-complaint,
and the cause was submitted to the court for trial, and upon
proper request the court made a special finding of facts and
stated its conclusions of law.

The appellants excepted to the conclusions of law, and this
is the only error discussed.

The question presented arises on the second conclusion of law stated, which is based upon the eighth finding of fact. The court found that advancements had been made to the heirs other than said William H. and Claudius Smith, and ordered that the amounts so advanced be charged against the interest of the heir receiving the same; that the land could not be partitioned without injury, and ordered the same sold and the proceeds divided in accordance with the finding of the court.

To present the question involved it is only necessary to set out the eighth finding of fact and the second conclusion of law stated by the court.

The eighth finding is as follows:

" The court further finds that the said James Smith, deceased, did in his lifetime make to each of his said children the following advancements upon their anticipated respective distributive shares of his estate at his decease as his heirs at law: To his said son Hugh Robert Smith, $1,000; to his said son James Smith, $1,000; to his said daughter Hettie Hendrickson, in her lifetime, the sum of $1,250; to his said daughter Eliza Lawson, in her lifetime, the sum of $1,500; to his daughter Kezzie Boyer, in her lifetime, the sum of $1,-400, and that the foregoing are all of the advancements made by said James Smith, deceased, to any of his children or grandchildren as heirs at law; that at the time of making the above advancements the said James Smith, deceased, made the same with the avowed purpose of making the children to whom he made the same as nearly equal as he was able at that time to do with William Smith, deceased, the said father of William H. Smith, and Benjamin Smith, deceased, the father of said Claudius Smith, and he then said that he was not able to give them an advancement equal to the advancements he had made to William and Benjamin; that the said William and Benjamin were not present at the time of the said advancements and declarations, nor were the claimants William H. and Claudius."

The second conclusion of law stated by the court is as follows :

" That the parties plaintiff and defendant are entitled to partition of the lands described in the complaint, other than said fourteen acres of land, in the proportion and manner designated in the foregoing finding of facts, and that the amount of advancements as found to have been made to the parties therein named should be charged against them and taken from their interests in the distribution of the proceeds of the sale of said land."

It is contended by counsel for appellant that said finding of fact does not support the conclusion of law, for the reason that, taking said finding as a whole, it shows distinctly that the deceased intended to give said several sums to each of the parties.

We can not agree with the contention of counsel. The finding expressly states and finds that said sums were advancements, and that there were no other advancements made to any other children or grandchildren of deceased. There is included in this finding, after the statement and finding of the facts, a statement of evidence, which counsel construe as indicating that the amounts were given to the parties named to make them even with the amounts given to the fathers of William H. and Claudius ; but the facts found show that such was not the fact, but that the amounts were paid to the parties named as advancements, and not as gifts. If, as found by the court, these amounts were advancements, then they were not gifts, and if the recital of the statement made by the deceased ancestor was properly in the finding of fact, and would convey the idea that the amounts were gifts, the facts found contradict that theory. The statement of the ancestor is mere evidence. It is one of the items of evidence from which the court found the facts, and it has no legitimate place in the finding, and must be disregarded. The finding of the evidence, although it be all the evidence, will not support a conclusion of law ; but if evidence be

intermingled in a finding of facts, and sufficient facts be found to support the conclusion of law, the fact that the court has intermingled with the finding of facts statements or items of evidence will not vitiate the finding; but if by eliminating from the finding the items of evidence, there be sufficient facts found to support the conclusions of law, and the proper conclusion of law is stated from the facts found, then there is no error in the conclusion of law, and the case will not be reversed. *Kealing* v. *Vansickle,* 74 Ind. 529 ; *Tousey* v. *Lockwood,* 30 Ind. 153; *Lock* v. *Merchants Nat'l Bank,* 66 Ind. 353 ; *Davis* v. *Franklin,* 25 Ind. 407 ; *Bartholomew* v. *Pierson,* 112 Ind. 430.

Taking the finding as a whole, without eliminating the statements of evidence, we do not think it bears the construction placed upon it by counsel for appellant. The statements which the deceased is found to have made do not negative the fact that the amounts paid to the persons named were intended as advancements; it would indicate that he had advanced a larger sum to each of his sons, William and Benjamin, but the court finds that no advancements were made to them.

There is no error in this conclusion of law.

The judgment is affirmed, with costs.

Filed April 11, 1890.