## DePauw Plate Glass Company *v.* City of Alexandria.

[No. 18,279.   Filed Jan. 11, 1899.   Rehearing denied April 18, 1899.]

MUNICIPAL CORPORATION.—*Annexation of Territory.—Taxation.—Estoppel.*—Where a corporation, having notice of the attempted annexation of its property to a city, received benefits from the city in the way of fire and police protection for more than three years, and permitted its property to be sold for city taxes without calling in question the right of the city to levy the taxes, it will not be permitted to invoke the invalidity of the act of annexation for the purpose of escaping taxation.  *pp. 443-452.*

SPECIAL FINDING.—*Conclusions of Law.—Ultimate Fact.*—Where facts stated in a special finding admit of but one conclusion and lead to but one result, the deduction therefrom is a conclusion of law and not an ultimate fact.  *pp. 452, 453.*

From the Madison Superior Court.   *Affirmed.*

*John W. Lovett, Fred E. Holloway* and *Chambers, Pickens & Moores,* for appellant.

*Francis A. Walker, Frank P. Foster* and *James A. May,* for appellee.

HADLEY, J.—The appellant sued the appellee in two paragraphs of complaint. The first seeks to recover the amount collected by the city of Alexandria (appellee) as city taxes for the years 1893 and 1894, and the second to cancel and annul the taxes assessed by the appellee against the appellant's property for the year 1895 and to enjoin the collection of the same.

The first paragraph of the answer admits facts in the complaint which show that the property of the appellant was not legally annexed to appellee, and therefore not subject to assessment for city taxes, but seeks to avoid liability on account of facts therein alleged. Appellant's demurrer to the first paragraph of answer was overruled. The case was submitted to the court for trial, and, upon proper request, the facts were found specially, and conclusions of law stated

thereon in favor of appellee, and final judgment entered accordingly.

As set forth in the special finding, the facts important in presenting the question involved are as follows: The appellant is a manufacturing corporation under the laws of the State of Indiana, having a factory, plant, and office in Monroe township, Madison county, Indiana, located on a tract of unplatted ground containing thirty-two acres, which ground was conveyed to appellant by metes and bounds by deed of the Alexandria Land & Gas Company on the 28th day of January, 1892; that appellant's only office, factory, and place of business in said county was on said tract of land, and that said tract and the property thereon was the property upon which the taxes are assessed by the city of Alexandria; that its principal office was in Floyd county, Indiana; that said lands were never annexed to the city of Alexandria by any proceedings before the board of commissioners of said county, nor by any resolution of the common council of said city (appellee), upon the request of the plaintiff or any owner thereof; that the appellee caused to be assessed, levied and placed upon its tax duplicate, against said plant, factory, and personal property, as city taxes for the year 1893, the sum of $520.36; for the year 1894, the sum of $1,085.37; and for the year 1895, $1,211.69; that on the 29th day of May, 1895, appellee, through its treasurer, levied upon and sold personal property of the plaintiff for the taxes so assessed for the years 1893 and 1894, to make the sum of $1,605.25, for the payment of city taxes, which amount of money, with costs of sale, appellee received and retained as the proceeds of said sale, and refused to pay to appellant; that said personal property was bid in by Charles T. Doxey in his individual capacity, he being a director and vice president of the appellant company; that on the 13th day of June, 1896, the plaintiff petitioned the common council of the city of Alexandria, setting forth the aforesaid facts, and asking the common council to refund said money received by it, and to certify off of the tax dupli-

cate and cancel the amount of taxes so placed thereon against the property for the year 1895, which petition said common council refused, and refused to pay said sum to the appellant, or to certify said taxes off of said duplicate, and is proposing to collect the same.     That on the 31st day of January, 1893, Alexandria was a town, and had been for many years before that date, and on said date the town of Alexandria became, by proper proceedings, the city of Alexandria, organized and existing under the general laws of the State of Indiana for the incorporation and government of cities.  That on the 28th day of January, 1892, the Alexandria Land & Gas Company, a private corporation, was the owner of a large tract of land, consisting of several hundred acres, including the tract conveyed to the appellant, on which said factory is located, and which lands adjoined the corporate limits of the town of Alexandria; and on said date the Alexandria Land & Gas Company conveyed said thirty-two acres of land to the appellant, which deed was not recorded until the 26th day of January, 1893; that Charles T. Doxey was at the time of said conveyance, and ever since has been, the president and a director of said Alexandria Land & Gas Company, and also vice president and a director of the appellant company.  That on May 26, 1892, the Alexandria Land & Gas Company laid off into lots and platted a large portion of its said lands adjoining the corporation into an addition to the town of Alexandria, which plat was duly recorded; that said lots, with the streets and alleys, made an addition to the town of Alexandria and was contiguous thereto, known and designated as the "Plate Glass Addition;" that on the plat of said addition the land of appellant was shown and designated as "DePauw Plate Glass Works;" that lots were laid off and numbered, and streets and alleys designated and dedicated to the public, on three sides of the tract marked "DePauw Plate Glass Works," and the fourth side thereof (south) was bounded by the Lake Erie & Western Railroad, which railroad was also the south boundary of said Plate Glass addition; that the

tract designated on the plat as "DePauw Plate Glass Works" was excepted from the description of the lands platted, as indorsed on said plat and as reported to the town trustees for approval, and on said plat no streets and alleys appeared to traverse said excepted tract; that at the time of said plat, and the approval of the same by the town trustees, the title of the platted tract, including the excepted tract, appeared of record in the name of the Alexandria Land & Gas Company, but the town trustees knew that appellant had taken possession of said excepted tract and was erecting its factory thereon. That on the 1st day of December, 1892, the board of trustees of the town of Alexandria passed a resolution to extend the corporate limits of said town, so as to include within the corporate limits contiguous plats of ground, taking in, among others, the Plate Glass addition, and attempting to include the grounds of the DePauw Plate Glass works aforesaid, and by the boundaries of the grounds described in said resolution the lands of the appellant were included; that the said resolution was adopted by the board of trustees, and the map and plat thereof showing grounds attempted to be annexed to said town were recorded in the plat book in the recorder's office of the county. That the board of trustees of said town, at the time of said proceedings undertaking to take into the corporate limits of said city the said factory site and property of appellant thereon, believed the same to be a platted tract of ground and, in the passing of resolutions for improvements and expenditures of money, believed that said land of the appellant was liable for taxation for town purposes; that the members of the common council, upon the organization of the city, and all members thereof, believed the said tract of appellant's to have been the tract platted as such as a part of the Plate Glass addition, and that the same was a part of the city, and liable to taxation as such. That all resolutions for improvements, and for the contracting of debts, and for the expenditures of money and obligations requiring continuous expenditures of the city, were made upon the faith that said

city would derive revenues by taxation of all the property of said city including the appellant's property; and that no member of the common council had notice of any irregularity, except as shown by the record, until the latter part of May, 1896. That the assessed value of appellant's property for taxation by the city is $72,955; that the total value of all property assessed for taxation in the city is $1,697,955; that the appellant had no knowledge or information of the manner of the attempted annexation of its property to the town of Alexandria until April, 1896; that none of the improvements made or obligations contracted were for the special benefit of the appellant; that there was no electric light in the immediate neighborhood of its factory, but lights on the street leading to the factory; that the water-works was not near enough to furnish fire protection, but, so far as completed, of double capacity for present needs, and with original purpose of extension to appellant's and other factories later on. That the street leading to the factory had some little graveling done on it; that the appellant had a good water-works system for fire protection of its own, and always kept up steam to operate it, and a night watchman there when the factory was not running; that the fire company of the city was called, and took charge of and control of the fire occurring in plaintiff's factory in 1895 and kept it to one room of the manufacturing plant. That the police had been called to the factory, and made arrests therein, and the factory was situate on a regular police beat; that appellant and all her officers, at the time of the attempted annexation, knew that the appellee had taken such action, and, up to April 1896, believed the plant had been legally taken into the city, but made no investigation of the records, and had no actual knowledge of the character of the proceedings of the city in relation to said annexation. The improvements put in and contracted for by said town and city since the annexation proceedings, besides street improvements under the Barrett Law, are, the improvement of some streets and contract for electric

lighting of streets, the building of a schoolhouse, construction of a water-works system double the size now necessary and with the purpose of extending the same to various factories, some small bridges, and a fire alarm system; and in said improvements the city has contracted and has outstanding obligations as follows: On account of school building, $22,-000; water-works, $38,000; has paid on bonds and contracts, $81,000; general expenditures, $97,853; on electric light, $7,266; on streets and alleys, $14,929; on water-works system, $15,179; for police protection, $6,385; for fire department, $10,828; on bonds and interest, $16,546. The annual cost of water-works will be $4,400; the annual cost of electric lights will be $3,150; of the fire department, $1,544; of the fire-alarm system, $1,800; of the police, $1,300; and the expenditures for the support of schools, in addition to the above, $14,000.

The errors assigned are: First, that the court erred in overruling appellant's demurrer to the first paragraph of the answer; second, in its conclusions of law.

The assignment upon the action of the court upon the demurrer to the answer presents the same question that arises upon the exceptions to the conclusions of law, and we therefore turn at once to a consideration of the conclusions of law as stated by the court upon the facts specially found. As applicable to the facts the court below declares as a proposition of law, that the attempted annexation of the real estate of the appellant by the town of Alexandria was ineffectual and void; from which it follows that neither the lands of the appellant nor its personal property situate thereon was legally liable to taxation by the city of Alexandria. The statute provides, that, "the common council may, at any time, order the amounts erroneously assessed against and collected from any tax payer to be refunded to him." Section 3618 Burns 1894. This provision of the statute is held to be mandatory. *City of Indianapolis* v. *McAvoy*, 86 Ind. 587; *City of Indianapolis* v. *Vajen,*.

111 Ind. 240.   The appellant, therefore, should have had judgment in the court below, unless the facts found show acts or omissions of duty on the part of the appellant that will preclude it from asserting its immunity from taxation by the appellee.   As bearing upon the principle of estoppel, the facts found show that Charles T. Doxey was president and director of the Alexandria Land & Gas Company and also vice president and director of appellant company through all the proceedings and events in question; and that at the time the Land & Gas Company executed and recorded its plat of the Plate Glass addition, showing in the body of the platted ground the excepted tract designated as the "DePauw Plate Glass Works," the title of record to all of said Plate Glass addition, including appellant's "DePauw Plate Glass Works," was in the Alexandria Land & Gas Company and the town trustees, at the time they adopted the resolution purporting to annex said Plate Glass addition to the corporation, believed the appellant's ground to be a part of the platted territory, and, in describing the same by metes and bounds, included appellant's ground; that all the proceedings of the trustees were placed of record, and, in adopting resolutions for improvements of the town and for the creation of debts and obligations for the benefit of the municipality, the trustees (and succeeding common council of the city) believed that the land of the appellant was within the corporate limits of the town and city, and liable to taxation therein; and that in ordering public improvements, and providing for the preservation of public order, and protection against fire, and in supplying school accommodations, and light and water, for the use and comfort of the citizens of the municipality, the trustees and common council relied upon the appearance of things, and upon the validity of the annexation proceedings as they had existed for more than three years, under the constant observation of the appellant's officers, and without objection, or act, indicating disapproval of being counted as

a corporator; and the appellant and all her officers had, at the time of the attempted annexation of its property, actual knowledge of the same, and believed the same was regularly taken into the city, and made no objection thereto, and acquiesced therein, from December 1892, to April 1896, and until after the city had paid out and assumed obligations for municipal betterment and comfort for more than $325,000, and in the meantime had called the city's paid police to its factory to make arrests, and had accepted the services of the city in extinguishing a destructive fire in its factory, and in establishing and maintaining a police beat along its factory property.

Appellant's knowledge of appellee's purpose and attempt to extend the municipal corporation over its property carried with it notice that appellee would treat the property thus added as subject to taxation for city purposes, and that, in providing for the administration and general welfare of the inhabitants of the city, the common council would rely upon the appellant's property to contribute its ratable proportion of the revenues.    In May, 1895, the city treasurer of appellee seized appellant's property, and sold the same to pay the delinquent taxes assessed against it by the city for the years 1893 and 1894, and Charles T. Doxey, vice president and director of appellant, bought the property in, and, though he acted in the purchase in his individual capacity, he could not have been ignorant of the fact that the taxes being collected were assessed by the city against the property as being within the jurisdiction of the city, yet he made no complaint or protest that the taxes had been illegally assessed.

The appellant was not in a position to be protected by its silence for want of actual knowledge of the facts.    It had notice that action had been taken by the proper authority to annex its property.    That action was a public record, and notice of its existence was sufficient to hold the appellant to the consequence of actual knowledge of its character.    In this situation, appellant permitted appellee for three years to

proceed to make costly improvements and assume heavy obligations, openly and in full view without objection, and it could not have been unaware that the common council was induced thereto in part by its belief that appellant's property would bear its ratable proportion of the burden.   Appellant's conduct at least tended to induce expenditures and the assumption of debts.   It accepted the protection of the municipal government, and for three years acquiesced in a state of things, assisted by itself, that reasonably led the appellee to rely upon its property as taxable for city purposes, and, having accepted benefits at the expense of the city, it cannot now be permitted to invoke the invalidity of the act of annexation to escape taxation.

This court, in *Strosser* v. *City of Fort Wayne*, 100 Ind. 443, on p. 448, says: "We think that where the question is as to the corporate boundary, and where the authorities who attempt to extend the boundaries act in a public capacity, and in good faith assume to make the change in the corporate boundaries in accordance with the provisions of the law upon the subject, and fail in doing this by mistaking a fact, the corporation may successfully assert the efficacy of the change against a taxpayer who has lived in the territory sought to be annexed, who has for a considerable length of time acquiesced in the validity of such proceedings, and who has, without objection, seen large sums of money expended on the faith that such annexation proceedings were valid."

An eminent English jurist, in discussing the principle of estoppel by acquiescence, says:   "If a person having a right, and seeing another person about to commit, or in the course of committing, an act infringing upon that right, stands by in such a manner as really to induce the person committing the act, and who might otherwise have abstained from it, to believe that he assents to its being committed, he cannot afterwards be heard to complain of the act." *DeBussche* v. *Alt*, L. R. 8 Ch. Div. 286.

Whether the conduct of  appellant  amounts to estoppel

*in pais*, or whether it amounts to acquiescence, is not material. It surely amounts to such delay as will disentitle it to relief. *Attorney-General* v. *New York, etc., R. Co.*, 24 N. J. Eq., 49; *Traphagen* v. *Mayor, etc.*, 29 N. J. Eq., 206. "High considerations of public policy and of justice require that a taxpayer who is notified that a public corporation claims to have extended its limits so as to take in his property, should act with promptness and proceed with diligence, if he would resist the attempted annexation." *Strosser* v. *The City of Fort Wayne*, 100 Ind. 443.

It has been many times held by this court that if a taxpayer stands by, and without objection permits improvements to be made which benefit his property, he will be precluded from denying the authority of the municipality to contract for the improvements. *Powers* v. *Town of New Haven*, 120 Ind. 185; *Ross* v. *Stackhouse*, 114 Ind. 200; *Taber* v. *Ferguson*, 109 Ind. 227.

It is a familiar doctrine that one may not occupy two inconsistent positions. He must be confined to one or the other. Hence, during the three years in review, the appellant was within the corporate limits of the city of Alexandria, or without. It could not be within the city to escape burdens imposed by the outlying township, nor within the outlying township to escape burdens imposed by the city. It may not thus find immunity from taxation. It will be held to one jurisdiction or the other. There is nothing in the case to show that the township ever attempted to exercise authority over appellant's property, nor to show that appellant ever acknowledged any such authority, while the facts clearly show an exercise of authority by the city, and a passive submission thereto by appellant.

Appellant's learned counsel vigorously urge in their brief that the findings of the court below are defective, in that there is a failure to find the ultimate fact of "acquiescence," the insistence being that the facts found are but evidentiary, and links in the proof of the ultimate fact.

From our decided cases it may be stated as a rule that, where facts stated in a special finding will admit of but one conclusion and lead to but one result, the deduction therefrom is a conclusion of law, and not an ultimate fact. *Baltimore, etc., R. Co* v. *Walborn, Adm.*, 127 Ind. 142, and cases there cited.

The findings sufficiently show that appellant had knowledge of the act of annexation, and that the city had assessed taxes against its property, and an officer of the appellant bought in its property sold by the city for the payment of such taxes, without calling in question the right of the city to levy said taxes.    It summoned the city fire department to extinguish a fire at the factory, and the city's police officers to maintain order at its factory, and stood by and received benefits from the city for more than three years, and made no objection to being counted with the corporation, and we think this conduct can lead to but one conclusion, and, hence, a question of law.

The fifth assignment of errors was not discussed, and hence is regarded as waived.    Judgment affirmed.