## RAMAGE *v.* WILSON.

[No. 6,387. Filed June 22, 1909. Rehearing denied January 14, 1910. Transfer denied March 18, 1910.]

1. APPEAL.—*Briefs.*—*Waiver.*—Points not discussed are waived. p. 603.
2. CONTRACTS.—*Gas and Oil.*—The object of a contract for the sinking of oil and gas wells is to explore the land for oil and gas, and to develop the production thereof. p. 603.
3. CONTRACTS.—*Options.*—*Gas and Oil.*—Under a contract providing that the contractor shall "drill an additional well each sixty days, or pay $1 per day for each and every day's delay over that time until three wells are drilled," and that the contractor "shall have the right to * * * cancel or annul this contract or any part thereof at any time," such contractor may not retain the gas and oil, and operate the two wells drilled, and cancel the contract so far as it affects other parts of the real estate, or requires the sinking of a third well. pp. 603, 604.
4. CONTRACTS.—*Oil and Gas.*—*Real Property.*—*Vested Interests.*— A contractor who sinks oil or gas wells under a contract giving to him a part of the gas or oil discovered, upon the discovery and development thereof, acquires a vested interest therein. p. 604.

From Grant Superior Court; *B. F. Harness*, Judge.

Action by John W. Wilson against Samuel Y. Ramage. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Simmons & Dailey,* for appellant.
*Thomas B. Dicken* and *Lett & Haisley,* for appellee.

WATSON, J.—This was an action by appellee to recover from appellant a certain sum of money alleged to be due under the terms of an oil and gas lease. The case was tried by the court. At the request of appellant the court made a special finding of the facts and stated its conclusions of law thereon. Upon the conclusions of law filed by the court judgment was rendered for appellee in the sum of $286.

The following assignments are relied on for reversal: (1) The complaint does not state facts sufficient to constitute a cause of action; error (2) in overruling appellant's demurrer to the complaint; (3) in sustaining appellee's demurrer to the fourth paragraph of answer; (4), (5), (6), (7) in each of the conclusions of law stated by the court; (8) in overruling appellant's motion for a new trial; (9) in overruling appellant's motion to modify the judgment. The reasons assigned for a new trial were: (1) The decision is contrary to law; (2) error in overruling the motion to modify the judgment; (3), (4) excessive damages; (5), (6), (7) error in each of the conclusions of law stated by the court.

The special findings were, in substance, that on July 19, 1899, and subsequently thereto, up to and including the date of the filing of this cause, appellee was the owner in fee simple of certain described land in Grant county, Indiana, and on said date appellee and his wife leased said premises to Thomas McDonald. The material terms of said lease, as found by the court, were, in substance, that in consideration of $25 appellee and wife granted and guaranteed to Thomas McDonald "all the oil and gas in and under the following described premises [describing them]," with the right to

enter for drilling purposes, and to erect and maintain neces-
sary buildings and pipe-lines, appellee to have one-eighth of
the oil produced and saved. It was further provided in said
lease that, in the event no well was completed within fifteen
months from the date of the lease, said grant should become
null and void, unless the second party should thereafter pay
$1 per day for each day's delay. The lease contained the
following specific provisions:

"Second party [appellant] also agrees to drill an
additional well each sixty days, or to pay $1 per day
for each and every day's delay over that time till
three wells are drilled.

The second party shall have the right to use suffi-
cient gas, oil and water to run all machinery for
operating said wells, also the right to remove all its
property at any time, and may cancel and annul this
contract or any part thereof at any time.

It is understood between the parties to this agree-
ment that all conditions between the parties hereunto
shall extend to their heirs, executors, successors and
assigns."

The lease was duly recorded. Thomas McDonald assigned
the lease to the Emery Oil Company. This company drilled
two wells on the east thirteen and one-third acres of the
leased premises, but no other well was drilled on the real
estate described, and no well has been drilled or completed
on the six and two-thirds acres off the west end of said real
estate. On January 28, 1903, the Emery Oil Company and
Frank M. Johnson assigned said lease to appellant, and he
was the owner of the lease and in possession of said premises
thereunder on the date of the filing of this action.

The court further found that the lease provided for an
additional well each sixty days, or the payment of $1 per
day for each day's delay over that time until three wells
should be drilled, but that the third well had never been
drilled. There was no payment of the $1 per day for the
period of 286 days, beginning December 1, 1903, and ending
September 13, 1904. Appellant took possession of said

premises under the assignment, and continued in such possession up to and including the time of the filing of this action, for the purpose of operating the two wells located thereon. On January 20, 1904, appellant executed and acknowledged an instrument setting out the fact of the execution and several assignments of the said lease, and declaring further:

"Whereas, said S. Y. Ramage desires to be relieved from the payment of all further rental, or penalty, as provided in said lease, for a failure to drill a third well on the above-described premises, said S. Y. Ramage, therefore does hereby cancel and annul said contract and lease, so far as it grants and guarantees to said Thomas McDonald, his heirs, executors, successors and assigns, and to said S. Y. Ramage the right and permissions to drill a third or additional well or wells on said real estate, and said S. Y. Ramage hereby cancels and annuls all that portion of said contract which provides for the payment of $1 per day for each and every day's delay over sixty days in completing wells under said lease, and especially for a failure to complete a third well under said lease, for the reason that two wells have been completed on said real estate under the terms of said lease, and have proven unprofitable, and the said S. Y. Ramage does not intend to drill or complete any third or additional well or wells on said real estate, and hereby declares that he will not hereafter hold the possession of said real estate for the purpose of drilling or completing a third or additional well or wells, but will only hold said lease and the real estate therein described for the purpose of running and operating said two wells now drilled and completed on said real estate.

And said S. Y. Ramage hereby cancels and annuls said contract and lease as to six and two-thirds acres of even width off the west end of said above-described real estate, described in said contract and lease, and hereby surrenders said six and two-thirds acres to said John W. Wilson, free from said lease and contract."

The release was recorded and tendered to this appellee, but he refused to accept it. The court stated as its con-

clusions of law on said findings, that appellee should recover from appellant $286, and that appellee be given judgment against appellant for said sum and costs.

The only assignments of error discussed by appellant in his brief are that the trial court erred in its conclusions of law stated upon the special finding of facts. The other errors assigned are, therefore, deemed to be waived. *Indianapolis St. R. Co.* v. *Bolin* (1906), 39 Ind. App. 169; *Delaware, etc., Tel. Co.* v. *Fiske* (1907), 40 Ind. App. 348; *Pittsburgh, etc., R. Co.* v. *Ross* (1907), 169 Ind. 3. The question for consideration here is, Did appellant, under the terms of the lease, have the power to cancel and annul the obligation to drill a third well on the leased premises? This court has held in a case between these same parties (*Ramage* v. *Wilson* [1906], 37 Ind. App. 532), in which case the same language was involved, that the words "and may cancel and annul this contract or any part thereof at any time" are seemingly uncertain, and "certainly ambiguous." In the same opinion this court further said: "When such ambiguity arises in a contract, the courts in the construction thereof will look to the intention of the parties as evidenced from the 'nature of the instrument, the conditions under which it was made, the situation of the parties, the nature of their business, the interest to be protected' (*Merica* v. *Burget* [1905], 36 Ind. App. 453), and the construction which may be developed by their acts and treatment of the contract." It is evident that the intention of the owner of the real estate in executing the aforesaid lease was to have the premises developed for gas and oil. *Ramage* v. *Wilson, supra; Gadbury* v. *Ohio, etc., Gas Co.* (1904), 162 Ind. 9, 62 L. R. A. 895.

For the purpose of the proper exploration and development of such estate it was specifically provided in the lease that appellant was "to drill an additional well each sixty days, or pay $1 per day for each and every day's delay over that time until three wells are

drilled.'' Under the rule of construction laid down, it is not reasonable to presume that the parties intended thereby that the grant of all the oil and gas under said premises should remain in force, and yet the lessee be permitted to alter the positive agreement to drill three wells in order to develop the land.

Upon the discovery of oil the lessee's interest became thereby a vested interest in the leased premises. *Ramage* v. *Wilson, supra; Carr* v. *Huntington Light, etc., Co.* 4. (1904), 33 Ind. App. 1; *Heal* v. *Niagara Oil Co.* (1898), 150 Ind. 483; *Gadbury* v. *Ohio, etc., Gas Co., supra.*

The release does not purport to convey to the lessor the lessee's interest in the land, *i. e.*, the gas and oil thereunder, except so far as the release of the six and two-thirds 3. acres may be construed to be the release of all interest in the gas and oil under that tract of the leased land. Since no question is raised as to the sufficiency of the release of said tract it is not necessary to consider it in this opinion. The release, by its terms, attempts to cancel and annul the contract so far as it grants the right to drill a third well, and also to cancel the obligation to pay $1 per day for each day's delay over the specified time.

Lessee sets out as his reason for canceling these obligations, that the two wells drilled have proved unprofitable. It will be observed, however, from the release itself, that he desires to hold ''said lease and the real estate described therein, for the purpose of running and operating said two wells now drilled and completed on said real estate.'' And this, in spite of the fact that he insists that the running of them is unprofitable. The release does not specifically re-grant to the lessor the oil and gas under the premises. Neither can such a grant be implied from the terms of the instrument. It only attempts to cancel the lessee's obligation to develop the land or pay the alternative sum of money, according to the terms agreed between the parties. It is not

reasonable to interpret the terms of the lease as showing the intention of the parties to enter into a contract such as that contended for by appellant. It is true, as appellant contends, that he could have annulled or canceled the entire contract at any time, and surrendered the possession of the leased property, and thereby have been relieved from any future liability on account thereof, but this he did not do. He attempted to surrender and release six and two-thirds acres and retain possession of thirteen and one-third acres. Having retained possession of the thirteen and one-third acres he was not relieved from performing his part of the contract, to wit, to drill the third well, or pay, in lieu thereof, $1 per day for each day in default thereof.

The contract is not to be construed as meaning that appellant may continue to take the profits of his lease, and yet refuse to drill the number of wells provided for by the positive terms of the lease. For these reasons, we find no error by the trial court in the conclusions of law stated on the special finding of facts.

Judgment affirmed.