## HARRIS ET AL. *v.* RIGGS ET AL.

[No. 9,539. Filed May 31, 1916. Rehearing denied October 27, 1916. Transfer denied December 12, 1916.]

1. TRIAL.—*Findings of Fact.—Ultimate and Evidentiary Facts.*— Ultimate and not evidentiary facts should be stated in a finding of fact, and facts contained in conclusions of law must be disregarded. p. 208.

2. TRIAL.—*Findings of Fact.—How Considered.—Presumptions.*—A finding of fact should be considered as a whole, and all intendments and presumptions are in its favor rather than against it, and if, by considering one part in connection with other parts, relative to the same matter, the finding can be said to be sufficient, it will be upheld. p. 208.

3. TRIAL.—*Findings of Fact.—Evidentiary Facts.*—While evidentiary facts should not be included in a finding of facts, yet their presence therein does not necessarily render the finding insufficient to support conclusions of law. p. 208.

4. TRIAL.—*Findings of Fact.—Sufficiency.*—Where the primary facts contained in a finding of facts are of such a character that they necessitate the inference of an ultimate fact, such ultimate fact will be treated as found and as sufficient on appeal, even though there may be a technical defect of statement in the finding. p. 208.

5. TRIAL.—*Findings of Fact.—Ultimate Facts.—Sufficiency.*—If a finding of facts contains sufficient ultimate facts to support the judgment, it will be sufficient, though it may not find all the issuable facts and may contain primary or evidentiary facts. p. 208.

6 TRIAL.—*Conclusions of Law.—Sufficiency.*—In an action to enforce an oil and gas lease, a conclusion of law that on and prior to a certain date the lease had been forfeited and was null and void is not subject to criticism as containing a finding of facts. p. 209.

7. TRIAL.—*Conclusions of Law.—Sufficiency.*—In an action to quiet title based on an oil and gas lease, conclusions of law that plaintiffs had no right, title, or interest in the leased premises in controversy, are entitled to no relief in the action and should pay the costs of the suit are supported by the finding of the ultimate fact that the lease was abandoned. p. 209.

8. TRIAL.—*Findings of Fact.—Ultimate Facts.—Evidentiary Facts.* —Where, in an action on an oil and gas lease, the trial court in its findings of facts found as an ultimate fact that the lease had been abandoned by the lessees prior to a certain date, such finding is not invalidated by the court's statement of evidentiary facts which authorized the inference of the ultimate facts that the lease had been abandoned and forfeited under a construction thereof mutually agreed and acted upon by the parties. p. 209.

9. MINES AND MINERALS.—*Oil and Gas Leases.—Abandonment.*—A lease, giving the lessee the right to drill the leased premises for oil and gas for a fixed period of time and providing that, if a well shall not have been completed prior to a certain date, the lessee is obligated to pay the lessors a stipulated rental until the completion of a well, may be abandoned by the lessee, and, if

it is abandoned, he can not thereafter enforce any right thereunder without first securing the consent of the lessor or a renewal of the lease. p. 209.

10. MINES AND MINERALS.—*Oil and Gas Leases.—Abandonment.*—Because of the nature of the subject-matter, abandonment of oil and gas leases may be more readily found than in most cases and, as the rights granted thereunder are for exploration and development, the lessee will not be permitted to fail in development and hold the lease for speculative or other purposes, except in strict compliance with his contract for a valuable and sufficient consideration other than such development. p. 210.

11. MINES AND MINERALS.—*Oil and Gas Leases.—Actions.—Burden of Proof.*—In an action on an oil and gas lease, the burden of proof is on the plaintiffs to show their right to the relief sought, and they cannot base a recovery on the weakness of defendant's position. p. 210.

12. MINES AND MINERALS.—*Oil and Gas Leases.—Actions.—Failure to Find Essential Facts.*—In an action to quiet title based on an oil and gas lease, the failure of the trial court in its findings of fact to find any material fact essential to plaintiff's recovery is a finding against them as to such fact. p. 210.

13. MINES AND MINERALS.—*Oil and Gas Lease.—Abandonment.—New Lease.—Effect.*—Where, after the abandonment of an oil and gas lease, the lessor, who had never been out of possession of the leased premises, so that he could not re-enter upon himself, again leased the premises, such new lease sufficiently showed the lessor's intention to treat the first lease as annulled. p. 211.

From Knox Circuit Court; *Benjamin M. Willoughby,* Judge.

Action by James F. Harris and others against Edgar R. Riggs and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Simmons & Dailey, McCarty & Arnold, James M. House* and *Hunt & Gambill,* for appellants.

*Jay A. Hindman, Hays & Hays, John W. Lindley, James Wade Emison, Lee F. Bays* and *Fred F. Bays,* for appellees.

FELT, P. J.—This suit was brought by appellants to quiet their title and exclusive right to go upon certain real estate and explore and operate for oil and gas.

The complaint was in seven paragraphs and appellants based their claims on a lease executed on February 1, 1912.

Each paragraph of complaint was answered by general denial, and by special paragraphs of answer directed to each paragraph of the complaint, in which facts were alleged to show that appellants had ceased to have any right or claim under the aforesaid lease. A reply of general denial was filed to each paragraph of special answer. On due request the court made a special finding of facts, on which conclusions of law were stated that appellants should take nothing by their complaint and that they pay the costs of suit. Judgment was rendered on the conclusions of law from which this appeal was prayed and granted.

Appellants have assigned as errors: The overruling of their motion for a new trial; that the court erred in its conclusions of law and in each separate conclusion; that the court erred in overruling their motion for a *venire de novo*.

The finding of facts is in substance as follows: On February 1, 1912, Felix P. and Malissa J. Beard, husband and wife, were the owners as tenants in common of the 135 acres of real estate in controversy (describing it); that on said day they executed to Emery A. Snyder and Jasper Miller an oil and gas lease on said real estate which in substance provides: That for a valuable consideration said Beard and Beard let and leased to the second party, their successors and assigns—

"for the sole and only purpose of mining and operating for oil and gas and of laying pipe lines, constructing tanks and other structures thereon to take care of said products. * * * It is agreed that this lease shall remain in force for the term of three years from this date and as long thereafter as oil or gas or either of them is produced therefrom by the party of the second part, successors or assigns. * * * The party of the second part agrees to complete a well on said premises within nine months from the date hereof or pay at the rate of thirty dollars in advance for each additional three months, such completion is delayed

from the time above mentioned for the completion of such well until a well is completed. The above rental shall be paid to the first party in person or to the credit of the first party at the Shelburn National Bank. For and in consideration of one dollar, the receipt of which is hereby acknowledged the first party hereto expressly waive their right to demand or declare a cancellation or a forfeiture of this lease except for the non-payment of rentals when due; and further agree that the party of the second part, their successors or assigns, shall have the right at any time on the payment of one dollar, to the party of the first part, their heirs or assigns to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine.''

That at the time of the execution of the lease it was expressly agreed and understood by and between the parties thereto and the lease was by them expressly construed to mean that in case the lessees failed to complete a well for the production of oil or gas within nine months from the date of the lease it would be void if the lessees should thereafter fail to pay to the lessors the sum of $30 in advance for each three months' delay in completing such well; that other explorations were made in the vicinity of the leased land within nine months from February 1, 1912, and no oil or gas was found or known to exist in that vicinity; that appellants did not take possession of said premises under the lease and on October 25, 1912, the lessors requested the lessees aforesaid to either pay for an extension of the lease as therein provided or return the lease; that thereupon the lessees refused to make any payment and informed the lessors that they did not desire an extension of time in which to complete a well and did not intend to pay anything under the lease, but intended to let it lapse by their failure to complete a well or pay any rentals as therein stipulated; that on October 25, 1912, the lessees aforesaid notified the lessors that they intended to abandon the lease and allow it to become void; that on October 31,

1912, no well had been commenced or completed on said premises and there was then due on the lease $30 for a further extension thereof; that the conditions were the same and a like amount became due under the lease each succeeding three months and no amount was paid; that "said lease became void and forfeited on November 1, 1912, and was on said day abandoned"; that on February 7, 1913, the said Felix P. Beard died leaving Malissa J. Beard, his widow, surviving him; that prior to May 26, 1913, the lessees under the lease of February 1, 1912, had neither taken nor demanded possession of the leased premises, and had not commenced or completed a well, nor paid or tendered any money for an extension of the lease; that on May 26, 1913, said Malissa J. Beard executed to Edgar R. Riggs and Fred F. Bays another lease of said lands for oil and gas purposes conditioned that it should remain in force for the term of six months from date and as long thereafter as oil or gas should be produced therefrom by the lessees, their successors or assigns. One well was to be produced within sixty days from date of lease, and on failure to do so $100 was to be paid in advance for each month's delay; that at the time the second lease was executed the lessees therein had no actual knowledge of a prior lease on the land; that in pursuance of said second lease Riggs and Bays took possession of the leased premises and constructed eight wells, in which oil and gas were found in paying quantities; that said lessees have expended in testing and developing said property $19,125; that on May 27, 1913, the lessees in the lease of February 1, 1912, visited Malissa J. Beard and sought to get from her a new lease of said premises and expressed regret that they had abandoned their former lease, and then and there learned of the second lease aforesaid; that on May 28, 1913, Emery A. Snyder, lessee in the first lease, congratulated Riggs and Bays on the lease they had secured, and expressed regret

that they had allowed their lease to become forfeited; that on May 22, 1913, oil was found in paying quantities on land adjoining said leased premises, and on May 31, 1913, the lessees in said first lease left at the bank mentioned therein $131.25, and requested the bank officials to place the same to the credit of Malissa J. Beard; that before the money was left at the bank, as aforesaid, Malissa J. Beard duly notified the bank not to receive any money from said parties for her on said former lease and said lessees knew thereof when they left the money at the bank; that she also notified the bank and said lessees in writing on June 1, 1913, that said lease had been forfeited and she would not accept any money thereunder; that she did not at any time accept any money from any one on said lease; that on April 14, 1914, Malissa J. Beard died leaving defendant William Ray Osborn, Gertrude Thompson and Grace Dark, her grandchildren, as her only heirs at law.

The court stated its conclusions of law on the facts found as follows: (1) That on and prior to May 26, 1913, the lease of date February 1, 1912, executed to Emery A. Snyder and Jasper Miller had been forfeited and was null and void. (2) That at the time this suit was commenced the plaintiffs had no right, title or interest in or to the real estate described in the amended complaint. (3) That the plaintiffs are entitled to no relief prayed for in this action and the defendants are entitled to judgment against them for costs. Judgment was rendered in accordance with the conclusions of law.

Appellants contend that the finding of facts is made up of evidentiary instead of ultimate facts; that ultimate facts are stated in the conclusions of law and must be disregarded; that the facts found do not support the conclusions of law.

It is true that ultimate and not evidentiary facts should be stated in a finding and that facts stated in the con-

clusions of law must be disregarded. While this is true, a finding of facts must be considered as a whole, and is not to be dissected into fragmentary parts and assailed in such parts disconnected from other portions of the findings relating to the same proposition. All intendments and presumptions are in its favor rather than against it, and if, by considering one part in connection with other parts relative to the same matter, the finding can be said to be sufficient it will be upheld. While evidentiary facts should not appear in a finding of facts, yet their presence in a finding does not necessarily render the finding insufficient to support conclusions of law. In the case at bar, the court has in many instances stated both the evidentiary and the ultimate facts. Where the primary facts found lead to only one conclusion, or where the primary facts found are of such a character that they necessitate the inference of an ultimate fact, such ultimate fact will be treated as found by the trial court and sufficient on appeal. In such instances the facts are sufficiently found, though there may be a technical defect of statement in the finding. *Mount* v. *Board, etc.* (1907), 168 Ind. 661, 665, 80 N. E. 629, 14 L. R. A. (N. S.) 483; *Judah* v. *Cheyne Electric Co.* (1913), 53 Ind. App. 476, 484, 101 N. E. 1039; *National Surety Co.* v. *State* (1913), 181 Ind. 54, 60, 103 N. E. 105; *Horn* v. *Lupton* (1914), 182 Ind. 355, 361, 105 N. E. 237, 106 N. E. 708; *Knight* v. *Kerfoot* (1915), 184 Ind. 31, 110 N. E. 206, 209; *Whitcomb* v. *Smith* (1890), 123 Ind. 329, 332, 24 N. E. 109; *DePauw Plate Glass Co.* v. *City* (1898), 152 Ind. 443, 453, 52 N. E. 608. If a finding of facts contains sufficient ultimate facts to support the judgment it will be sufficient, though it may not find all the issuable facts and may contain primary or evidentiary facts. *Carnahan* v. *Shull* (1913), 55 Ind. App. 349, 351, 102 N. E. 144; *Whitcomb* v. *Smith, supra; DePauw Plate Glass Co.* v. *City, supra.*

In the opinion of this court the first conclusion of law is not justly subject to criticism. But if, as contended by appellants, the first part of it is the statement of an ultimate fact rather than a conclusion of law, it might be treated as surplusage and the remaining portion, that the first lease was null and void before the second was executed, would still be a good conclusion of law and have the same legal effect. The other conclusions of law—that the plaintiffs have no right, title, or interest in the leased premises, are entitled to no relief in this suit, and should pay the costs of suit—necessarily follow the first conclusion. But, independent of the first conclusion, the second and third conclusions of law are correct and are supported by the finding of the ultimate fact that the lease was abandoned.

The findings show that the parties themselves placed a construction on the lease to the effect that the lease should be void if the lessees failed to complete a well within nine months from its date, and likewise failed to pay a stipulated rental in advance as provided in the lease. The court also finds as an ultimate fact that the lease was abandoned by the lessees on November 1, 1912. True, the finding contains evidentiary facts which strongly support the facts of abandonment, and of forfeiture of the lease before the second lease was executed and before this suit was begun. The court having found and stated the essential ultimate facts did not annul or change them by stating evidentiary facts which clearly authorized the inference of the ultimate facts that the lease was abandoned and had been forfeited under the construction mutually agreed and acted upon by the parties. Such a lease may be abandoned, and when once abandoned by the lessee, he cannot thereafter claim or enforce any right thereunder without first securing the consent of the lessor or a renewal of the lease. *Gadbury* v. *Ohio, etc., Gas. Co.* (1903), 162 Ind. 9, 16, 67 N. E. 259, 62 L. R. A.

895; *Island Coal Co.* v. *Combs* (1898), 152 Ind. 379, 387, 53 N. E. 452; *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243, 252, 73 N. E. 906; *Bartley* v. *Phillips* (1895), 165 Pa. St. 325, 30 Atl. 842; *Calhoon* v. *Neely* (1902), 201 Pa. St. 97, 50 Atl. 967; *Urpman* v. *Lowther Oil Co.* (1903), 53 W. Va. 501, 44 S. E. 433, 435, 97 Am. St. 1027; *Van Meter* v. *Chicago, etc., Mining Co.* (1893), 88 Iowa 92, 55 N. W. 108; 1 C. J. 5 *et seq.;* 1 Cyc 4 *et seq.;* Thornton, Law Oil & Gas §137.

It has been held and supported by sound reason that abandonment may be more readily found in cases of oil and gas leases than in most other instances. The rights 10. granted under such leases are for exploration and development. The title or interest granted is inchoate until oil or gas is found in quantities warranting operation, and courts will not permit the lessee to fail in development and hold the lease for speculative or other purposes, except in strict compliance with his contract for a valuable and sufficient consideration other than such development. *Gadbury* v. *Ohio, etc., Gas Co., supra,* p. 14; *Urpman* v. *Lowther Oil Co., supra; Huggins* v. *Daley* (1900), 99 Fed. 606, 40 C. C. A. 12, 48 L. R. A. 320, 325; *Dittman* v. *Keller* (1913), 55 Ind. App. 448, 451, 104 N. E. 40; *Risch* v. *Burch* (1911), 175 Ind. 621, 627, 95 N. E. 123; *Dill* v. *Fraze* (1907), 169 Ind. 53, 57, 79 N. E. 971; *Ramage* v. *Wilson* (1909), 45 Ind. App. 599, 604, 88 N. E. 862.

The burden was on appellants to show their right to the relief prayed. They cannot claim anything which depends wholly upon the weakness of their adversaries' position. 11. tion. The failure to find any material fact essential to their recovery is a finding against them as to such fact. It is clear that the finding of facts would not 12. support a judgment in appellants' favor. While there is a dispute in the evidence as to some of the ultimate facts found, there is no failure of evidence to sustain the finding of the material facts.

In leases of the kind here involved where the lessor has continued to hold possession he cannot re-enter upon himself. The execution of a new lease under the facts of this case sufficiently shows the lessor's election to treat the first lease as annulled and in no sense binding upon any of the parties thereto. *Huggins* v. *Daley, supra; Twin-Lick Oil Co.* v. *Marbury* (1875), 91 U. S. 587, 23 L. Ed. 328, 331; *Guffy* v. *Hukill* (1890), 34 W. Va. 49, 11 S. E. 754, 8 L. R. A. 759 and notes, 26 Am. St. 901.

The conclusions already announced make it unnecessary to consider many questions discussed in the briefs. The court did not err in its conclusions of law or in overruling appellants' motion for a *venire de novo*, or for a new trial. The case seems to have been fairly tried and a correct result reached on the merits of the controversy. No error has been pointed out which deprived appellants of any substantial rights. Judgment affirmed.

Caldwell, C. J., Moran, Ibach, McNutt and Hottel, JJ., concur.

NOTE.—Reported in 112 N. E. 36. Mining leases, breach of covenant, relief from, 20 Ann. Cas. 1172. See under (1, 3) 38 Cyc 1980, 1982; (11) 27 Cyc 655.