## STEWART *v.* FLYNN.

[No 15,200.  Filed March 30, 1936.]

*James J. Moran,* for appellant.

*R. D. Wheat,* for appellee.

WOOD, J.—Appellee brought suit against the appellant, individually, and as administrator of the estate of one Eva L. Stewart, deceased, for the recovery of a certain United States bond or its value. The complaint was in two paragraphs, the first was on the theory of replevin, the second was on the theory of conversion. Appellant answered both paragraphs of the complaint with a general denial. Appellee then dismissed his action against appellant as administrator of the estate of Eva L. Stewart, deceased. Trial was had to the court without the intervention of a jury, which upon request found the facts specially and stated its conclusions of law thereon, upon which judgment was rendered in favor of appellee, after the overruling of a motion for a new trial filed by appellant.

From this judgment appellant appeals, assigning as errors for reversal, error of the court in its conclusions of law, and error of the court in overruling appellant's motion for a new trial.

From the special finding of facts, it appears that Eva L. Stewart departed this life, intestate, in Jay County, Indiana, on March 18, 1932, leaving no children, nor father or mother surviving her, but leaving her husband, Richard P. Stewart, appellant herein, surviving her as her sole and only heir. She also left surviving her a brother, Peter H. Flynn, the appellee herein. She left no other brothers or sisters surviving her. Her

estate consisted of real estate of the value of $1,255 and personal property of the value of $6,000. The estate was solvent. On the day following the burial of Eva L. Stewart, appellant went to the office of appellee in the city of Portland, Indiana, and there handed appellee a package, appellant at the time saying to appellee, "This is what your sister left for you." Appellee unwrapped the package in the presence of appellant; it contained a lady's leather handbag in which was a bill fold, which bill fold contained one United States Registered 4th Liberty Loan $1,000 bond payable to Eva L. Stewart; ten $10 gold pieces, $100 in paper money, a certificate of deposit for $600, payable to Eva L. Stewart and Peter H. Flynn and some other small coins. At the same time appellant advised appellee to put these papers and money in a bank where they would be safe. Appellee did thereafter put all these articles in his personal safety deposit box in the First National Bank of Portland, Indiana. April 14, 1932, appellant executed and delivered to appellee a deed conveying to appellee certain real estate, the title to which was in the name of Eva L. Stewart at the time of her death, but which real estate was formerly owned by the father of Eva L. Stewart and appellee, the father having died previous to the death of Eva L. Stewart. This real estate was held in trust by her and said conveyance was made without any consideration, but for the purpose of carrying out said trust, and the wishes of Eva L. Stewart. May 25, 1932, upon his application appellant was appointed administrator of Eva L. Stewart's estate. Thereafter it was agreed between appellant and appellee that he, appellee, should deliver the $1,000 bond to appellant, so that he, appellant, as administrator, could take such steps as would be necessary to convert the bond into cash, whereupon appellant would turn the money received from the bond over to appellee. Pursuant to this agreement ap-

pellee took the $1,000 bond from his safety deposit box and delivered it to appellant, who thereafter got said bond cashed, refused to return the proceeds thereof to appellee but converted the same to his own use. August 8, 1933, appellee made a demand upon appellant for return of said $1,000 to him, with which demand appellant refused to comply. The appellant received the sum of $1,000 cash for the bond.

Upon these facts the court concluded, "1. That the law is with the plaintiff (appellee) in this cause. 2. That the plaintiff (appellee) recover of the defendant the sum of $1,000 in damages and the costs of this action."

The only causes for a new trial discussed by appellant are that the finding of the court is not sustained by sufficient evidence, and that the finding of the court is contrary to law. Appellant also asserts that the finding of facts is not sufficient upon which to base the conclusions of law. These questions are so closely related that they will be discussed together.

From an examination of the evidence it is manifest that it is sufficient to sustain the facts as found by the court, which appellant inferentially admits, "but," says appellant, "the special finding of facts are evidentiary in their character, meager and feeble and not sufficient to sustain the decision of the court."

The special finding of facts is subject to some criticism, but, where the primary facts found lead to but one conclusion, or where such facts are of such a character that they necessitate the inference of an ultimate fact, such ultimate fact will be treated as found by the trial court and sufficient on appeal. In such instances the facts are sufficiently found, though there may be a technical defect of statement in the finding. If the finding of facts contains enough ultimate facts to support the judgment it will be sufficient though it may not find all the issuable facts and may

contain primary or evidentiary facts. Furthermore in determining whether conclusions of law are supported by a special finding of facts it is necessary to bear in mind the rule that, " 'a special finding, like a special verdict, a series of instructions, or the like, must be considered as a whole, and it cannot be dissected into fragmentary parts and successfully assailed in detail. One part may be considered in connection with other connected parts, or parts referring to the same transaction, and if taken as a whole the finding legitimately supports the judgment it will be upheld.' And in determining whether the judgment is thus supported, all intendments and presumptions are in favor of the finding rather than against it." *Mornet* v. *Board, etc.* (1907), 168 Ind. 661, 80 N. E. 629, 14 L. R. A. (N. S.) 483; *National Surety Co.* v. *State* (1913), 181 Ind. 54, 103 N. E. 105; *Harris* v. *Riggs* (1916), 63 Ind. App. 201, 112 N. E. 36.

When considered in the light of the rules above summarized, the special finding of facts is sufficient to sustain the court's conclusion that the lawful possession of and title to the bond was vested in appellee, and that he was entitled to the value thereof as against appellant individually because of his unlawful conversion thereof. Appellee was not an intermeddler as defined under sec. 6-2201, Burns 1933, sec. 3066, Baldwin's Ind. St. 1934. This is not the contention of appellant, but, as his reason for defeating appellee's title in and right to possession of the bond or its proceeds, appellant says that he individually could not bind the estate of the decedent as to any disposition of the personal property belonging thereto; that the title to the personal property fell to the administrator, whether he was then appointed or not, and that the appointment of the administrator related back to the death of the decedent. It is primarily upon this premise that appellant bases his ground for a reversal of the judgment rendered against him. While the

rule of law as stated by appellant may be correct it is not applicable to the facts in the instant case.

From all the ultimate facts found by the court, and from the primary or evidentiary facts contained in the special finding of facts, which because of their character necessitate the inference of ultimate facts, it was reasonable for the court to conclude that previous to her death, Eva L. Stewart had segregated the bond, money and certificate of deposit from the corpus of her estate, wrapped them in a package and delivered them to appellant as trustee for appellee as her donee, to be delivered by appellant as such trustee to appellee as donee, which trust the court found was fully and completely executed by appellant before his appointment as administrator of Eva L. Stewart's estate, and the possession and title of the bond was completely vested in appellee.

One of the controlling features which distinguishes the instant case from many other cases involving the transfer of personal property by gift is the fact that here there was a full and complete execution of the gift by delivery of the *res* to the donee, and it is not a case where the parties left some act undone which was necessary to complete the accomplishment of the intended gift.

For a case lending some assistance see *Warner, etc.* v. *Keiser, etc.* (1931), 93 Ind. App. 547, 177 N. E. 369, in which a transfer was denied to the Supreme Court December 17, 1931, where many authorities are collected and the rules regarding gifts and their consummation stated.

There is another reason why the appellant should not prevail in this action. The court found as a fact that Eva L. Stewart died intestate, leaving neither child, father or mother surviving her, but leaving as her sole and only heir, her surviving husband,

appellant herein. Thus, pursuant to the provision of sec. 6-2324, Burns 1933, sec. 3324, Baldwin's Ind. St. 1934, the whole of the property of his deceased wife, real and personal, in the absence of some other valid disposition thereof having been made by her, previous to her death, went to appellant. With knowledge of all these facts and the law applicable thereto, and with the further knowledge that the estate was solvent, appellant delivered the bond in question, together with the money and certificate of deposit to appellee, accompanying this act with the statement, "This is what your sister left you."

It was not until after the appellant had made delivery of the articles of personal property, under the circumstances as found by the court, that upon his application he was appointed as administrator of his deceased wife's estate. Under these facts it was not unreasonable for the court to conclude that if, at the time appellant made the delivery of the bond, money and certificate of deposit to appellee, he was not carrying out the duties imposed upon him by his wife as trustee for appellee; that appellant, having received all the property of his deceased wife, a portion of which was derived from the estate of the deceased father of herself and appellee, as her surviving husband, out of deference to her wishes determined to and did make a gift of the items of personal property to appellee, as he undoubtedly had a perfect right to do, inasmuch as the subject of the gift under the law was his individual property. The estate was solvent and the rights of creditors were in no way jeopardized. After having fully carried out his sentimental and benevolent promptings, if such they were, by making a complete and unequivocal gift of the property, appellant was in no position, individually or under the guise of an administrator of the decedent's estate, to

recant therefrom, reclaim the property and convert it to his own use.

There is still another reason why the appellant should not succeed in this action. The court found as a fact that after appellant had delivered the bond to appellee, and after he had caused himself to be appointed administrator of the decedent's estate, he entered into an agreement with appellee under the terms of which appellee was to surrender possession of the bond to appellant, whereupon appellant would, as such administrator of the estate of Eva L. Stewart, in whose name the bond was registered, convert it into cash, and return the cash so received to appellee; that relying upon this agreement, appellee did take the bond out of his safety deposit box and deliver it to appellant, who received and accepted it for no other use or purpose than that expressed in said agreement. That appellant, after obtaining possession of the bond under such circumstances, received $1,000 in cash therefor, which sum appellant converted to his own use. There is no finding of fact showing any other consideration, motive or purpose, moving from appellant to appellee as an inducement for the delivery of the bond to appellant than as above set out, nor is there any finding of fact that it was necessary that the bond be returned to the estate, to be applied in the payment of debts. Under such facts and circumstances it was not unreasonable for the court to conclude that the bond was the property of appellee, and that appellant by his conduct recognized appellee's title thereto, otherwise there was no reason why appellant should have agreed to return the proceeds of the bond to appellee. "If a gift has been fully executed, the title having passed by words of gift accompanied by delivery of possession, the return of the property by the donee to the donor for a purpose not inconsistent with the continued ownership of the donee will not render

the executed gift invalid." *Jacobs* v. *Jolley* (1901), 29 Ind. App. 25, 62 N. E. 1028; 28 C. J. sec. 36, p. 642.

We conclude that the finding of facts as made by the court was sustained by sufficient evidence, was not contrary to law, and that the court did not err in its conclusions of law.

Having considered all questions properly presented by the record and finding no reversible error, the judgment of the lower court is affirmed.