SECURED FIRE AND MARINE INSURANCE COMPANY
*v.* LAMAKIS

[No. 18,282. Filed November 21, 1952.]

*Strom & Spangler,* of Gary, for appellant.

*Robert H. Moore, Mor N. Oppman, James H. Mason, Jr.,* and *Harry N. Robbin,* all of Gary, and *Robert W. Gericke* and *George E. Hershman,* of Crown Point, for appellee.

ACHOR, C. J.—This action was brought by the appellee against the appellant to recover on a policy of

liability insurance, which policy, the appellee alleges, had been executed by mistake to one Joseph Matuga as the named assured instead of Anthony Matuga, the owner of the car. The appellee had previously recovered judgment against said Anthony Matuga for personal injuries sustained by him as a result of a collision in which said Anthony Matuga was driving his said automobile. The judgment not having been paid by Anthony Matuga, this action is brought against appellant as his insurer.

Appellee's complaint was filed in one paragraph, alleging liability on the contract of insurance as though in fact issued to Anthony Matuga. It also requested a reformation of the contract to conform to the facts alleged. Judgment was for $5,000.00 and interest, that being the amount fixed by the policy.

The specific allegation in the complaint regarding the alleged "mistake" is as follows: That in the years of 1943, up to and including part of the year 1946, the said Anthony M. Matuga was in the service of the Armed Forces of the United States of America. That while he was in said service, he left his said automobile with Joseph Matuga, his brother and agent, and on the 26th day of June, 1945, the said Anthony M. Matuga, by and through his brother and agent Joseph Matuga, "applied for a *renewal* of his said original insurance policy and paid the premium therefor on said automobile to the said insurance company through Carl M. Susorney, the duly authorized agent of said defendant insurance company." That said agent had power to contract insurance of property, collect premiums and issue policies, which said insurance policy was issued on the 26th day of June, 1945, with the expiration date of the 26th day of June, 1946. That said renewed insurance policy was issued by the said defendant com-

pany through its said insurance agent, as above mentioned, in the name of Joseph Matuga, who was not the owner of said automobile, where it should have been issued to Anthony M. Matuga, the owner of said automobile. That all of the above pleaded facts were known by the said defendant insurance company, its said agent and the parties hereto. That by the mutual *mistake* of the parties hereto (or *oversight,* or through the *fault* of the said insurance company), the said insurance company and its agent issued the said insurance policy to Joseph Matuga.

Special findings of facts and conclusions of law were requested and made by the court. Judgment was for the appellee in the sum of $5,980.00 and costs.

Appellant, among other things, assigned as cause for new trial and as error in this appeal that the findings of fact by the court are not sustained by sufficient evidence.

It is noticeable that the court did not find, as a fact, that the policy of insurance in controversy was issued to Joseph Matuga instead of to Anthony Matuga by any "mistake," "oversight," or "fault," as alleged. Appellee contends, however, that the primary facts found by the court necessitate the inference of such ultimate fact, and that therefore such ultimate fact must be treated as found by the trial court on appeal. The following cases are cited in support of this proposition: *Harris* v. *Riggs* (1916), 63 Ind. App. 201, 208, 112 N. E. 36; *DePauw Plate Glass Co.* v. *City of Alexandria* (1899), 152 Ind. 443, 452, 52 N. E. 608.

Without expressing an opinion as to the sufficiency of the primary facts to support the ultimate fact necessary of proof in this cause, we examine the findings of fact and the evidence to determine whether or

not the findings of primary fact are sustained by the evidence. The findings of fact material to these issues are as follows:

"No. 3. That on the 18th day of June, 1945, while the said Anthony Matuga was in the army, one Carl M. Susorney executed and delivered to Mr. Joseph Matuga as the named insured therein automobile policy number A1019, insuring the said Joseph Matuga for any bodily injury liability in the amount of $5000.00 for each person injured as a result of an accident in the use of said 1937 Ford V-8 automobile, and for property damages . . .

"No. 7. The court further finds that immediately prior to the execution of said policy number A1019 the said Joseph Matuga, who was the named insured in said policy, had informed the said Carl M. Susorney, the authorized agent of the said insurance company, that said Ford automobile was the property of Anthony Matuga, and said defendant insurance company knew that Joseph Matuga, the named insured, was not the owner of said automobile but that Anthony Matuga was the owner thereof at the time of the delivery of said policy of insurance to Joseph Matuga, and that the said Joseph Matuga, the named insured, paid to Carl Susorney, the agent of said defendant insurance company, the premium on said policy of insurance as specified therein.

"No. 10. The court further finds that said defendant insurance company had issued to the said Anthony Matuga a policy of insurance insuring him against liability for bodily injury and property damage in the use of said automobile, and that said policy of insurance was executed by said defendant company for one year and would expire on the 26th day of June, 1945. And that Carl Susorney as the agent for said defendant company solicited said Joseph Matuga to have said policy of insurance renewed, and that Joseph Matuga informed the said Carl Susorney that Anthony Matuga was the owner of said automobile and directed said Carl Susorney to renew said policy of insurance. And that the said Carl Susorney caused

the name of Joseph Matuga to be inserted in said policy number A1019 as the named insured and as the owner of said Ford automobile without the knowledge or consent of Joseph Matuga, knowing at said time that Joseph Matuga was not the sole owner thereof and that Anthony Matuga was the owner."

It is not disputed that the policy of insurance erroneously designated Joseph Matuga, the named assured, as the sole owner of the automobile, and that this was by mutual mistake. He did, however, have a limited but exclusive right to the possession and use of said automobile, subject only to the superior right of his brother, which made him eligible to liability insurance related to its use.

The policy did not provide for recoupment because of damage to the car, nor is such recovery an issue in this case. Therefore, the mistake in the policy as to the ownership of the car is material only as a circumstance to be considered with other evidence which relates directly to the primary issue as to whether or not there was a "mutual mistake" or a "fault" on the part of appellant as to the identity of the "named assured" in the policy.

As heretofore stated, the court made no positive finding of fact that Joseph Matuga was erroneously, by "mutual mistake" or "fault" on the part of appellant, designated as the "named assured" in the policy. The findings of fact do state (1) that Anthony Matuga, owner of the car, had a policy of public liability insurance with appellant insurance company, which policy expired June 26, 1945; (2) that prior to expiration of that policy appellant's agent "solicited Joseph Matuga to have said policy of insurance *renewed*" and (3) that "Joseph Matuga . . . directed said Carl Susorney (agent) to *renew* said policy."

It is urged by appellee that a "renewal" of a policy of insurance has consistently been defined as the issuance of another policy identical with the policy already in force, except as to the date thereof. The fact that the contract of insurance was issued with Joseph Matuga as the named assured, notwithstanding the statement by both parties thereto that it be "renewed," were primary facts which necessarily showed that a *mutual mistake* had been made by the parties, which is the ultimate fact in issue.

Because of the lack of evidence to support the court's findings of fact, it is not necessary for this court to determine whether or not the primary facts found by the court are sufficient to support the ultimate fact that Joseph Matuga, instead of Anthony Matuga, was designated as the *named assured* in the policy as the result of a mutual mistake of the parties or the fault of the appellant.

Notwithstanding the court's findings of fact, nowhere in the briefs is there evidence recited (1) that this *appellant,* rather than some other "insurance company, had (previously) issued to said Anthony Matuga a policy of insurance . . ." (2) Neither is there evidence that the "defendant company solicited said Joseph Matuga to have the policy of insurance *renewed.*" In this regard, Joseph Matuga testified, "The insurance man asked me if *I* would take a policy on the car. . . I said I would. . . . Nothing was said about whose name the policy should go in." Nor is there evidence recited in the briefs (3) that "Joseph Matuga . . . directed said Carl Susorney (agent) to *renew* said policy of insurance." The only evidence upon the latter points was that of Joseph Matuga, who testified as a witness for appellee, as follows:

"Q. Did you give orders for a renewal of the insurance?

"A. No sir.

"Q. You got the policy when the other policy ran out?

"A. I don't know whether it ran out or not."

The record does disclose that after the above testimony Joseph was asked the impeaching question as to whether or not he had answered "Yes sir" in a previous inquiry (outside the record) to the question "Did you attempt to have the policy renewed?" He answered "Yes sir" to this question and further stated he had answered the question "to the best of my knowledge at the time."

However, the above impeaching testimony is not to be considered evidence of probative force. It has long been held that:

"A witness who denies the truth of material facts to which he has been expected to testify may sometimes be contradicted by other evidence, and the party calling him sometimes introduce evidence, . . . to show that he has made statements different from his testimony. §562 Burns 1926, §531 Burns 1914; *Adams* v. *State* (1901), 156 Ind. 596, 605, 59 N. E. 24.

"But such evidence is admissible only for the purpose of impeachment, and not as proof that the statements previously made were true; . . ." *Parker* v. *State* (1925), 196 Ind. 534, 538."

Furthermore, assuming that such evidence had probative force, it would go only to what the witness *attempted*. Any statements made by him or agreements entered into as a result of such "attempt" would be purely speculative, and could not sustain appellee's burden of establishing that a mutual mistake was made between the parties.

Having found the briefs void of evidence to support the court's findings of fact in these essential particulars, we have searched the record for such evidence in order to affirm the judgment of the trial court, but we find no such evidence of probative value.

Judgment is, therefore, reversed and this cause is remanded with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 108 N. E. 2d 640.